UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY MEEKS,

        Plaintiff,                     Case No. 1:19-cv-161

v.                                          Honorable Paul L. Maloney

GREGORY SKIPPER et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Skipper, Washington, Unknown Party #2, Artis, Deeren, Aiken, Vreman, Reatenwal, Johnson, Strewart, and Miller.

**Discussion**

I.       Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Defendants Warden Gregory Skipper, Doctor G. Graham, M.D., MDOC Director Heidi E. Washington, Mental Health Case Worker M. McGillis, Unknown Party #1 Psychiatrist, Unknown Party #2 Director or Supervisor of Bureau of Healthcare Service, Deputy Warden F. Artis, Health Unit Manager B. Deeren, Clinical Administrative Assistant Subrina Aiken, R.N., Administrative Assistant Secretary Aaaron Vreman, S. Reatenwal, R.N., Corrections Officer Unknown Olsen, Nurse Unknown Johnson, Nurse Unknown Strewart, Grievance Coordinator Unknown Miller, and Nurse Unknown Party #3.

Plaintiff alleges that he has a seizure disorder, high cholesterol, and a mental disorder, and that he takes medication for each of these conditions. Plaintiff states that his medications cause him to suffer from dizziness, weakness, and fatigue. Plaintiff states that RMI has five floors and that, in order to travel from one floor to another, prisoners and staff must climb steel flights of stairs. When Plaintiff resided on the fourth floor, he had to walk the stairs several times a day, causing him to become concerned that he might have a seizure or become dizzy and fall. Plaintiff brought his concerns to the attention of Defendant Graham and Unknown Party #3 at the medline and asked for a detail allowing him to stay on one floor. Defendant Graham told Plaintiff that there was no such detail at RMI.

Plaintiff subsequently raised his concerns with his mental health case worker Defendant McGillis and an Unknown Party #1 Psychiatrist. Plaintiff states that they were aware of his medical condition and asked him why he was not being housed on the ground floor. Plaintiff

responded that he didn't know. However, when Plaintiff asked for their assistance, Defendants McGillis and Unknown Party #1 Psychiatrist did nothing to help Plaintiff with his housing assignment. Plaintiff then filed a grievance and sent letters to Defendants Washington, Skipper, Unknown Party #2, and Vreman seeking to be moved. Plaintiff never received any assistance. Plaintiff filed a grievance appeal, but never received a response.

At one point, Plaintiff suffered a seizure and "busted [his] head open." Another inmate reported Plaintiff's seizure to Defendant Olsen, who opened the cell and told Plaintiff that he would go get help. Plaintiff waited at the cell door until he became dizzy and thought he was going to lose consciousness. At that point, Plaintiff went to lie down on his bunk. No one came to help Plaintiff or to check on him. At 6:00 a.m. the next morning, Plaintiff asked the Sergeant what had happened the previous day. The Sergeant called for a wheelchair and had Plaintiff taken to health care.

Once Plaintiff arrived, Defendant Unknown Party #3 interviewed Plaintiff. Plaintiff asked her why no one from health care had checked on him the previous night. Defendant Unknown Party #3 stated that Defendant Olsen had said that Plaintiff was refusing to come to health care and that he was alright. Plaintiff told Defendant Unknown Party #3 that he had suffered a seizure, which caused him to hit his head. Defendant Unknown Party #3 checked Plaintiff's head and told him that it was too late to put stiches on his wound because a scab was beginning to form. Plaintiff stated that he was still feeling dizzy, but Defendant Unknown Party #3 said that there was nothing more she could do and ordered Plaintiff to leave and climb four flights of stairs. Plaintiff continued to feel lightheaded and almost fell twice on the way back to his cell.

Plaintiff saw Defendant Graham on November 9, 2018, and complained about having to walk the stairs when he was at risk of having a seizure. Plaintiff became angry and

called Defendant Graham a quack and said he did not want to have Defendant Graham be his doctor anymore. Defendant Graham told Plaintiff that because he was a prisoner, he did not have a right to see a different doctor, and that if Plaintiff did not see him, he would take Plaintiff off his medication. Plaintiff did not believe that Defendant Graham could take him off his medication, so he left the office.

A couple of days later, Defendant Unknown Party #3 refused to give Plaintiff his medication. When Plaintiff asked why, she told him that he had been removed from the medication and that she did not know why. Defendant Unknown Party #3 told Plaintiff not to worry about it, that she would straighten it out. Subsequently, Defendant Unknown Party #3 told Plaintiff that Defendant Graham had indicated that Plaintiff signed a removal slip. Plaintiff then spoke to Defendants McGillis and Unknown Party #1 and expressed his fear of having a seizure and getting injured. Defendants McGillis and Unknown Party #1 failed to take any action to protect Plaintiff or to help him get his medication.

Plaintiff wrote kites to Defendants Skipper, Washington, Unknown Party #2, Deeren, Johnson, Strewart, and Reatenwal, to no avail. On December 21, 2018, Plaintiff suffered another seizure and woke up with a large knot on his head. Plaintiff went to the med-line window and told Defendant Unknown Party #3 what had happened. Plaintiff stated that he was worried about a concussion and asked for a head check and some x-rays. A couple of days later, Defendant Graham called Plaintiff to his office and told him that if he was ready to stop being an "ass," he would place Plaintiff back on his medication. Plaintiff told him to "jack off." Plaintiff continues to be without his medication and has filed several grievances, which have been rejected.

Plaintiff claims that Defendants violated his Eighth Amendment rights. Plaintiff seeks damages and injunctive relief.

II. <u>Failure to State a Claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially the Court notes that it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL

697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to mention Defendants Artis, Aiken, and Miller in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff also fails to make specific factual allegations against Defendants Skipper, Washington, Unknown Party #2, Deeren, Vreman, Reatenwal, Johnson, and Strewart, other than his claim that they failed to conduct an investigation in response to his kites and grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Skipper, Washington, Unknown Party #2, Deeren, Vreman, Reatenwal, Johnson, and Strewart engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

7

Plaintiff claims that Defendants Graham, McGillis, Unknown Party #1, Olsen, and Unknown Party #3, violated his Eighth Amendment rights by denying him needed accommodations and treatment despite an awareness of Plaintiff's serious medical needs. A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted)

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Court concludes that Plaintiff's Eighth Amendment claims against Defendants Graham,

McGillis, Unknown Party #1, Olsen, and Unknown Party #3 are not clearly frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Skipper, Washington, Unknown Party #2, Artis, Deeren, Aiken, Vreman, Reatenwal, Johnson, Strewart, and Miller will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims against Defendants Graham, McGillis, Unknown Party #1, Olsen, and Unknown Party #3 remain in the case.

An order consistent with this opinion will be entered.

Dated:  March 29, 2019    /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge