UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

        Plaintiff,

Case No. 1:19-cv-161

Hon. Paul L. Maloney

v.

GREGORY SKIPPER, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Three defendants remain in this case: Corey Grahn, N.P. (identified on the docket sheet as "G. Graham, Doctor"); M. McGillis (mental case worker); and Unknown Olsen (corrections officer). This matter is now before the Court on a motion filed by MDOC defendants (McGillis and Olsen) to revoke plaintiff's *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915(g) (ECF No. 43) and plaintiff's motion for a preliminary injunction (ECF No. 33).

### I.    MDOC defendants' motion to revoke IFP

This Court granted plaintiff's motion to proceed IFP. *See* Order (ECF No. 3). The MDOC defendants contend that plaintiff's IFP status should be revoked under the "three strikes" rule. In *Coleman v. Tollefson*, -- U.S. --, 135 S.Ct. 1759 (2015), the Supreme Court discussed the history of the "three strikes" rule:

> Congress first enacted an *in forma pauperis* statute in 1892. See Act of July 20, ch. 209, 27 Stat. 252. Congress recognized that "no citizen sh[ould] be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs."

1

> *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (internal quotation marks omitted).  It therefore permitted a citizen to "commence and prosecute to conclusion any such . . . action without being required to prepay fees or costs, or give security therefor before or after bringing suit." § 1, 27 Stat. 252.  The current statute permits an individual to litigate a federal action *in forma pauperis* if the individual files an affidavit stating, among other things, that he or she is unable to prepay fees "or give security therefor." 28 U.S.C. § 1915(a)(1).
>
> Even in 1892, "Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  And as the years passed, Congress came to see that prisoner suits in particular represented a disproportionate share of federal filings. *Jones v. Bock*, 549 U.S. 199, 202-203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  It responded by "enact[ing] a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Id.*, at 204, 127 S.Ct. 910.  Among those reforms was the "three strikes" rule here at issue.  The rule, which applies to *in forma pauperis* status, reads in its entirety as follows:
>
>> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g).

*Coleman*, 135 S. Ct. at 1761-62.

Evidence showing prior dismissals under the three strikes rule must be produced by the defendant challenging the prisoner's *in forma pauperis* status or, when readily available, by the Court. *See Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 435-36 (D.C. Cir. 2007).  Once such evidence has been produced to challenge the prisoner's *in forma pauperis* status, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id.*, citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) and *Evans v. Illinois Department of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998).

2

Plaintiff has filed prisoner civil rights lawsuits in both the United States District Court for the Western District of Michigan ("Western District") and the United States District Court for the Eastern District of Michigan ("Eastern District").  Plaintiff filed this litigation on March 4, 2019.  Defendants point out that a few weeks before plaintiff filed this case in the Western District, he was denied leave to proceed IFP in the Eastern District under the three-strikes rule. *See Meeks v. Washington*, No. 19-CV-10247, 2019 WL 670080 (E.D. Mich. Feb. 9, 2019).  The court denied IFP status because plaintiff had two strikes due to dismissals in the district courts, with the third strike being an affirmance of one of those dismissals on appeal. *Id*. at *1.  Defendants rely on the order in *Meeks v. Washington* as the basis for their motion to revoke plaintiff's IFP status in this case.

Defendants' motion is without merit, because the Sixth Circuit reversed and remanded the Eastern District's February 9, 2019 order denying IFP.  On remand, the district court granted plaintiff's application to proceed IFP.  *See Meeks v. Washington*, 2:19-cv-10247 (E.D. Mich.) (ECF No. 11) (Order in *Meeks v. Washington*, No. 19-1320, vacating district court's order because the affirmance on appeal was not a third strike) (6th Cir. Nov. 1, 2019), (ECF No. 12) (6th Cir. Mandate dated Nov. 25, 2019), and (ECF No. 13) (District Court order granting IFP dated Dec. 6, 2019).  There is no legal basis to support defendants' motion to revoke plaintiff's IFP in this case.  Accordingly, their motion to revoke IFP status (ECF No. 43) should be denied.

## II.     Plaintiff's motion for a preliminary injunction

Plaintiff has filed a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a), asking this Court to order defendants to place him back on a seizure disorder medication, Dilantin.  *See* Motion (ECF No. 33).

3

### A.     Legal standard

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g., Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted).

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

### B.     Discussion

This case involves incidents which occurred when plaintiff was incarcerated at the Michigan Reformatory in Ionia, Michigan (RMI). Plaintiff claims that his medical provider at

4

RMI, defendant NP Grahn, is a quack who took plaintiff off his medication. Opinion (ECF No. 4, PageID.30-32). Plaintiff's claims against defendants McGillis and Olsen relate to plaintiff's housing assignment and his interactions with those two MDOC employees at RMI. *Id*. Plaintiff is currently in custody at a different prison, the G. Robert Cotton Correctional Facility in Jackson, Michigan (JCF).

In this case, it is unnecessary for the Court to address the merits of plaintiff's motion because his transfer has rendered the requested injunctive relief against defendants moot. As one court explained,

> A prisoner's transfer to a new facility moots claims for injunctive or declaratory relief arising from the particular conditions of confinement at the former prison. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Finding mootness is proper even where a prisoner faces the same issues giving rise to his original claims at the new facility. *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003).

*Whipple v. Millay*, No. 1:14-CV-00117, 2017 WL 4176339 at *4 (M.D. Tenn. Sept. 21, 2017).

### 1. Defendant NP Grahn

While defendant NP Grahn treated plaintiff at RMI, he does not treat plaintiff at JCF. In this regard, Grahn filed an affidavit in response to the motion for preliminary injunction stating: that he currently works as a nurse practitioner for Corizon Health, Inc., at RMI; that he was one of plaintiff's medical providers during plaintiff's time at RMI; and that since plaintiff was transferred to JCF on August 19, 2019, he has not had any involvement in plaintiff's medical care to date. Grahn Aff. (ECF No. 48-1, PageID.196). NP Grahn has no involvement with plaintiff's current medical care at JCF. Accordingly, plaintiff's request for injunctive relief against Grahn is moot. If plaintiff requires medical treatment, then he should address treatment with his medical providers at JCF.

5

### 2. Defendants McGillis and Olsen

Similarly, there is no basis for this Court to grant plaintiff injunctive relief against defendant McGillis (a mental health case worker) or defendant Olsen (a corrections officer). Plaintiff's claims against McGillis and Olsen arise from their interaction with plaintiff's housing situation at RMI. Nothing in the record suggests that either McGillis or Olsen work at JCF or are responsible for plaintiff's medical treatment. Accordingly, plaintiff's request for injunctive relief against these two defendants is moot.

### III. Recommendation

For these reasons, I respectfully recommend that defendants McGillis and Olsen's motion to revoke plaintiff's IFP status (ECF No. 43) be **DENIED**.

I further recommend that plaintiff's motion for a preliminary injunction (ECF No. 33) be **DENIED** as moot.


Dated: February 7, 2020                     /s/ Ray Kent
                                            Ray Kent
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).