UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY MEEKS, #176401, )<br>Plaintiff, )<br> )<br>-v- )<br> )<br>GREGORY SKIPPER, *et al.*, )<br>Defendants. )<br>_____ ) | No. 1:19-cv-161<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Meeks, a prisoner in the custody of the Michigan Department of Corrections, filed this civil rights lawsuit. Defendant Grahn filed a motion for summary judgment. (ECF No. 49.) The Magistrate Judge issued a report recommending the Court grant the motion. (ECF No. 75.) The Magistrate Judge also recommends the Court dismiss two unnamed defendants, #1 and #3. Meeks filed objections. (ECF No. 76.) Grahn filed a response to the objections. (ECF No. 78.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has endeavored to read and interpret Meeks' objections. Meeks submitted a nine-page, hand-written document. Each short paragraph contains an objection of sorts. Most of the objections are not the sort of objection anticipated by the statue or rule. Generally, Meeks does not address a proposed finding of fact or conclusion of law in the Report and Recommendation. For example, on page 4 (PageID.566), Meeks "objects to Defendants arguments that there [are] two different sides to this [sic] stories."

1. Dismissal of Unknown Defendants #1 and #3

The Magistrate Judge recommends dismissing the two anonymous defendants because Meeks has not identified either and discovery has closed. Meeks objects. (PageID.563.) Meeks suggests he attempted to discover the names of the unknown parties and his requests were denied by Defendants. The objection is overruled. A case management order provided for discovery and established deadlines. (ECF No. 22.) Assuming Meeks' efforts were properly submitted and then rebuffed, he could have filed motions to compel with the Court. He did not use any of the discovery remedies available to him.

2. Exhaustion of Claim

The Magistrate Judge recommends finding that Meeks failed to exhaust his claim against Grahn. The Magistrate Judge considered each of the grievances identified by Meeks in his response to the motion for summary judgment and explained why each failed to exhaust the claim. Meeks objects. (PageID.566-67.) Meeks' objections do not address the specific findings contained in the R&R for each of the grievances. The objection is overruled.

With the conclusion that Meeks did not exhaust his claims against Grahn, the Court need not resolve the merits of the claim against Grahn.

Accordingly, the Court **ADOPTS** the recommendations that (1) the unnamed defendants should be dismissed and (2) the claim against Defendant Grahn was not exhausted. The Court also **ADOPTS** the portions of the R&R that set for the relevant and necessary facts for those two conclusions. The Court **GRANTS IN PART** Defendant Grahn's motion for summary judgment. (ECF No. 49.) Meeks' claims against Grahn and against Unknown Party #1 and Unknown Party #3 are dismissed without prejudice. **IT IS SO ORDERED.**

Date: August 31, 2020                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge